Amy R. Alpern, OSB No. 840244
Email: aalpern@littler.com
Neil N. Olsen, OSB No. 053378
Email: nolsen@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison Street, Suite 900
Portland, OR 97204
Telephone: 503.221.0309
Fax No.: 503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SARINYA REABROY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>*TYPHOON!*, INC., STEVE KLINE and BO KLINE,<br><br>　　　　Defendants. | Civil No.: 08-1178-HA<br><br>**DEFENDANTS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |

**PLEASE TAKE NOTICE THAT** *Typhoon!*, Inc., Steve Kline and Bo Kline, the Defendants in the above-captioned action, appeal to the United States Court of Appeals for the Ninth Circuit from the District Court's April 27, 2009 Order in the above-captioned action, which is attached hereto as Exhibit A.

Page 1 – DEFENDANTS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**Littler Mendelson, PC**
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone (503) 221-0309
Facsimile (503) 242-2457

Dated: May 26, 2009

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ Neil N. Olsen
Amy R. Alpern, OSB No. 840244
aalpern@littler.com
Neil N. Olsen, OSB No. 053378
nolsen@littler.com

Attorneys for Defendants

Page 2 – DEFENDANTS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**Littler Mendelson, PC**
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone (503) 221-0309
Facsimile (503) 242-2457

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARINYA REABROY,

    Plaintiff,

v.

TYPHOON!, INC., STEVE KLINE,
and BO KLINE,

    Defendants.

Civil No. 08-1178-HA

ORDER

HAGGERTY, District Judge:

    Plaintiff Sarinya Reabroy filed suit against defendants Typhoon!, Inc., Steve Kline, and Bo Kline alleging violations of human trafficking laws, anti-discrimination and anti-retaliation laws, wage and hour laws, and for the intentional infliction of emotional distress. Before the court is defendants' Motion to Compel Arbitration and to Dismiss or Stay Action Pending Arbitration [3].

1 - ORDER

## STANDARDS

Under the Federal Arbitration Act (FAA), "[a] party aggrieved by the alleged failure . . . or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Evaluating a motion to compel arbitration requires a court to determine: "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id*. It is well-settled that where a contract contains an arbitration clause, there is a "presumption of arbitrability." *Comedy Club, Inc. v. Improv West Assoc.*, 514 F.3d 833, 842 (9th Cir. 2007) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

Arbitration agreements in employment contracts are enforceable and are covered by the FAA. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (FAA provisions apply to arbitration agreements contained in employment contracts). Moreover, "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

In evaluating whether an arbitration agreement is valid, courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In Oregon, as elsewhere, an arbitration clause will not be enforced when it is unconscionable. *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940, 948 (Or. Ct. App. 2007). "Under Oregon law, unconscionability is determined based on the facts as

2 - ORDER

they existed at the time the contract was formed," and the party asserting unconscionability "bears the burden of demonstrating that the arbitration clause is unconscionable." *Sprague v. Quality Rests. Nw., Inc.*, 162 P.3d 331, 333 (Or. Ct. App. 2007) (citations omitted).

Unconscionability has both a procedural and a substantive component. *Vasquez-Lopez*, 152 P.3d at 948. Procedural unconscionability refers to the conditions of contract formation and "'focuses on two factors: oppression and surprise.'" *Id.* (quoting *Acorn v. Household Intern., Inc.*, 211 F. Supp. 2d 1160, 1168 (N.D. Cal. 2002)). Oppression results from an inequality of bargaining power such that one party has no real ability to negotiate the terms of the agreement and lacks meaningful choice. *Id.* Surprise, on the other hand, results from hidden terms in the agreement. *Id.* Substantive unconscionability focuses on the one-sided nature of the actual terms of the contract, rather than the circumstances of its formation. *Id.* In Oregon, "both procedural and substantive unconscionability are relevant, although only substantive unconscionability is absolutely necessary." *Id.*

## BACKGROUND

In 2003, plaintiff, a Thai citizen, left Thailand to work as a line cook in defendants' restaurant in Portland, Oregon. Plaintiff traveled to the United States under an E-2 Visa after signing defendants' Employment Agreement for Employees on E-2 Visas (Agreement).

In 2005, defendants made changes to the Agreement and added an arbitration clause requiring all claims and disputes arising from the terms of the Agreement to be submitted to an arbitrator from the arbitration association, United States Arbitration and Mediation (USA&M). Kline Decl., Ex. 2 at 7. Under the altered Agreement, the arbitrator would "have no authority to modify, delete, or change any provision" of the Agreement. *Id.* The Agreement contains no language allocating the costs of arbitration. A copy of the Agreement was given to plaintiff for

3 - ORDER

her review in both English and Thai, as well as a brief description of the reasons for the addition of the arbitration clause. However, plaintiff had no ability to negotiate around the arbitration clause. If plaintiff did not sign the contract with the arbitration clause, her employment would have come to an end, and she would have been forced to return to Thailand. In 2006, plaintiff signed a third Agreement, which contained the same arbitration clause. Again, plaintiff had no ability to negotiate around the arbitration clause. Under the modified Agreements, plaintiff was to be paid eight dollars per hour for the first forty hours of work per week. *Id.* at 11.

## DISCUSSION

Defendants argue that the arbitration clause in the Agreement is valid and should be enforced by this court. Plaintiff contends that the arbitration clause is unconscionable and unenforceable.

### 1. Procedural Unconscionability

The facts in this case clearly demonstrate an inequality of bargaining power such that plaintiff had no real ability to negotiate the terms of the arbitration clause. The Agreement was offered to plaintiff on a "take it or leave it" basis. Plaintiff's only choice was to either accept the agreement as it was offered to her, or to leave both her job and the country.

Defendant argues that the Agreement was not procedurally unconscionable because plaintiff was given time to review the Agreement in both English and Thai and was encouraged to seek counsel to ensure that she understood all material terms in the Agreement. The fact that plaintiff had ample opportunity to review the contract matters little in this case. Plaintiff's full and complete understanding of the arbitration clause would not have put her in any better of a position because she was unable to negotiate the terms of the Agreement. Indeed, even had plaintiff hired counsel to explain the arbitration clause, she would have remained unable to negotiate its terms.

The Agreement was a "contract of adhesion, *i.e.*, a standardized contract, drafted by the party of superior bargaining strength, that relegates the [other] party only the opportunity to adhere to the contract or reject it." *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). Contracts of adhesion are procedurally unconscionable. *Id.* The conditions of contract formation were sufficiently oppressive in this case, that this court finds the arbitration clause to be procedurally unconscionable. In Oregon, however, procedural unconscionability alone is insufficient to invalidate an arbitration clause. *Vasquez-Lopez*, 152 P.3d at 948.

2. **Substantive Unconscionability**

Plaintiff contends that the cost of an arbitration held under the Agreement renders the arbitration clause substantively unconscionable. As discussed above, the Agreement requires any dispute to be submitted an arbitrator from USA&M. However, the agreement makes no allocation of arbitration costs.

Under Oregon law, an arbitration agreement requiring an employee to pay the costs of arbitration is invalid. *Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 874 (D. Or. 2002). Excessive arbitration costs, in absolute terms and as compared with the costs of filing suit in court, can render an arbitration agreement substantively unconscionable because such costs "den[y] a litigant the opportunity to vindicate his or her rights in the arbitral forum." *Vasquez-Lopez*, 152 P.3d at 952 (citation omitted). Plaintiff has cited the USA&M rules of arbitration to support her position that the costs of arbitration under the Agreement are substantively unconscionable.

Under the USA&M arbitration rules, "[u]nless specifically waived by USA&M, all parties are required to be represented by an attorney." Pl.'s Ex. 7 at 1. Payment to USA&M must be made in advance of the arbitral proceedings. *Id.* at 2. "Unless the parties agree otherwise, when

5 - ORDER

an arbitration is initiated under an arbitration clause in a contract . . . the initiating party is responsible for the total fees and costs of the arbitration." Pl.'s Ex. 7 at 2. Mediators' hourly fees range from $180 per hour to $3800 dollars per day. Pl.'s Ex. 9. Plaintiff estimates that an arbitration of this case could last several days. Given plaintiff's meager wages, there is no question that the advance costs of an arbitration according to the above rules would effect a denial of access to the arbitral forum.

Because the arbitration clause is silent both to the allocation of costs and as to whether the USA&M arbitration rules would apply to an arbitration held under the Agreement, defendants contend that the arbitration clause is not substantively unconscionable.

In *Green Tree Financial Corp.- Alabama v. Randolph*, the Supreme Court considered an arbitration clause that was silent as to the allocation of arbitration costs. 531 U.S. 79, 90-91 (2000). The Court held that silence on the subject of arbitration costs does not render an agreement unenforceable, reasoning that:

> It may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum. But the record does not show that [plaintiff] will bear such costs if she goes to arbitration. Indeed, it contains hardly any information on the matter. . . . The record reveals only the arbitration agreement's silence on the subject, and that fact alone is plainly insufficient to render it unenforceable. The "risk" that [plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement.

*Id.* at 90-91 (citation and footnote omitted).

This line of reasoning was adopted by the Oregon Court of Appeals in *Motsinger v. Lithia Rose-FT, Inc.*, 156 P.3d 156 (Or. Ct. App. 2007). In *Motsinger*, the plaintiff contended that the arbitration clause in her employment contract was unconscionable because it did not guarantee that the plaintiff would not have to pay any of the arbitration costs. *Id.* at 161. Rather, the

arbitration clause was governed by the former Oregon Revised Statute. 36.345, which provided that "'the costs of witness fees and other fees in the case shall be taxed against the losing party.'" *Id*. The court upheld the arbitration clause because the "plaintiff has offered no evidence of the likely costs of arbitration or the potential impacts of those costs on her." *Id*. at 162. The court held that it would "not invalidate the arbitration clause simply because of the possibility that plaintiff, if she were to lose, would bear some undetermined costs of arbitration." *Id*. (citation omitted).

Both *Green Tree* and *Motsinger* relied upon materially different facts than those presented in this matter. In *Green Tree*, the Supreme Court noted that the agreement "had not designated a particular arbitration association or arbitrator to resolve their dispute," and plaintiff's "subsequent discussion of costs relied entirely on unfounded assumptions." 531 U.S. at 91 n.6. In *Motsinger*, it appears there would have been no arbitration costs for the plaintiff unless she lost the arbitration, and the plaintiff offered no evidence of likely arbitration costs. 156 P.3d at 162.

In both of the above cases, the agreements were not only silent as to arbitration costs, but also with respect to which arbitration association should be utilized. In this case, however, the agreement clearly specifies that an arbitrator from USA&M would conduct the arbitration. Plaintiff has offered as evidence the USA&M arbitration rules and standard fees, and has demonstrated that under those rules, plaintiff would have been faced with several thousand dollars worth of costs to be paid in advance of the arbitration. Thus, plaintiff's responsibility for paying arbitration costs under the Agreement was not speculative.

Defendants also cite *Stations West, LLC v. Pinnacle Bank*, No. 06-1419, 2007 WL 1219952 (D. Or. Apr. 23, 2007). In *Stations West*, the district court held that an arbitration clause requiring an arbitrator to follow the rules of the American Arbitration Association (AAA) was not

7 - ORDER

substantively unconscionable. *Id.* at *4. That case is materially different from the one at bar in two respects. First, the plaintiff in that case was a commercial business that had bargained at arms length with the defendant concerning a $2,100,000 loan. *Id.* Here, plaintiff is a restaurant employee working for eight dollars per hour. The second difference is that the arbitration clause in *Stations West* did not require "that the claim be administered by the [AAA], only that the arbitrator follow the Rules of the [AAA]," and "[a]s a result, the initial filing fees and case service fees for filing with the [AAA] are inapplicable." *Id*; see also *Derrick v. Santa Fe Natural Tobacco Co., Inc.*, No. 07-631, 2007 WL 2994598 (D. Or. Oct. 12, 2007) (holding that an arbitration clause requiring an arbitrator to follow AAA rules was not substantively unconscionable). A requirement that an arbitrator follow a specific arbitration association's rules does not necessarily mean that the arbitrator would utilize that association's cost regime. Here, the arbitration clause specifically requires the arbitrator to be from USA&M; therefore, their rules and fees are relevant in this case.

Defendants contend that although the arbitration clause specifies that an arbitrator is to be used from USA&M, the arbitration clause does not specify that the parties are to use USA&M rules or costs. It is in no way speculative to conclude that an USA&M arbitrator would apply USA&M rules and fees, absent an agreement specifying otherwise. Allowing defendants to draft an ambiguous arbitration clause that inevitably leads to prohibitive costs for plaintiff, and then to hold that such costs are speculative, would work an injustice. Such a holding would incentivize employers to draft facially neutral but implicitly unconscionable arbitration clauses, effectively cutting off access to both the court system and affordable arbitration. Accordingly, this court must conclude that the Agreement is substantively unconscionable.

Lastly, defendants stipulate that if this court upholds the arbitration clause, they will not

8 - ORDER

require plaintiff to be represented by counsel during arbitration and they will pay all arbitration costs. While this offer is generous, this court must evaluate unconscionability based on the facts as they existed at the time the agreement was formed. *Sprague*, 162 P.3d at 333.

This court concludes that plaintiff has met her burden in demonstrating that the arbitration clause contained within the Agreement is both procedurally and substantively unconscionable. Accordingly, this court must invalidate the arbitration clause.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Compel Arbitration and to Dismiss or Stay Action Pending Arbitration [3] is DENIED.

IT IS SO ORDERED.

Dated this __27__ day of April, 2009.

                                            /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                          United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2009 I served a full, true and correct copy of the foregoing DEFENDANTS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, via the Court's CM/ECF system, on:

>Beth Creighton
>J. Ashlee Albies
>Zan Tewksbury
>STEENSON, SCHUMANN, TEWKSBURY
>  CREIGHTON & ROSE, P.C.
>500 Yamhill Plaza Building
>815 SW Second Avenue
>Portland, OR 97204

>Of Attorneys for Plaintiff

By  /s/ Laura M. Lucero
    Laura M. Lucero
    Secretary to Neil N. Olsen

Firmwide:89950411.1 061118.1001

Page 3 – DEFENDANTS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**Littler Mendelson, PC**
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone (503) 221-0309
Facsimile (503) 242-2457