FILED

JUN 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SARINYA REABROY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TYPHOON!, INC.; STEVE KLINE; BO KLINE, <br><br> Defendants - Appellants. | No. 09-35521 <br><br> D.C. No. 3:08-cv-01178-HA <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted May 6, 2010
Portland, Oregon

Before:    **KOZINSKI**, Chief Judge, **BEA** and **IKUTA**, Circuit Judges.

Under Oregon law we determine unconscionability by looking at a contract's terms. Vasquez-Lopez v. Beneficial Or., Inc., 152 P.3d 940, 951 (Or. Ct. App. 2007). Because the arbitration agreement does not say who will pay the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

page 2

USA&M arbitrator's costs, the district court looked outside the contract to USA&M rules and fees to determine the agreement's practical effects. The arbitration clause does not itself pose a certain enough "risk" that Reabroy "will be saddled with prohibitive costs" to justify invalidating the agreement. Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000) (emphasis added); see Motsinger v. Lithia Rose-FT, Inc., 156 P.3d 156, 162 (Or. Ct. App. 2007). We also know that Reabroy will not actually bear "any costs at all in the arbitration." Motsinger, 156 P.3d at 162. Typhoon!'s counsel stated at oral argument that her client agreed to pay the full cost of arbitration, including the arbitrator's fees, regardless of the substantive outcome of the arbitration. Thus neither the terms nor the performance of the arbitration agreement requires Reabroy to pay arbitration costs. We therefore reverse the district court's finding of unconscionability and consequent denial of Typhoon!'s motion to compel arbitration.

**REVERSED.**